**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JALIK PEAY | |
| Appellant | No. 2372 EDA 2013 |

Appeal from the Judgment of Sentence July 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014638-2011

*****

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHAWN EDWARDS | |
| Appellant | No. 2395 EDA 2013 |

Appeal from the Judgment of Sentence July 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014637-2011

*****

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HALEEM POOLE | |
| Appellant | No. 2477 EDA 2013 |

Appeal from the Judgment of Sentence August 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014640-2011

BEFORE: PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 21, 2015**

Co-defendants, Jalik Peay, Rashawn Edwards, and Haleem Poole, appeal from the judgments of sentence[1] stemming from their involvement in a 2011 jailhouse[2] riot, resulting in the death of a fellow inmate, Earl Bostic, and seriously injuring two other inmates, Richard Gyton and Aaron Young. After careful review, we affirm on the opinion authored by the Honorable Barbara A. McDermott.

Young allegedly had a dispute with inmate Sean Sullivan[3] over a block worker job.[4] Sullivan passed "bangers"[5] to the co-defendants and devised a

---

[1] We have *sua sponte* consolidated these cases on appeal. **See** Pa.R.A.P. 513 (when same question involved in two or more appeals in different cases, appellate court may in its discretion order them to be argued together as if but single appeal).

[2] The riot occurred at Curran-Fromhold Correctional Facility, located on State Road in Philadelphia.

[3] Co-defendants, Donte Jones and Sean Sullivan, were tried and convicted of third-degree murder and attempted murder in a separate trial. Their appeals are also before this Court. **See Commonwealth v. Jones**, 1879 EDA 2013; **Commonwealth v. Sullivan**, 1905 EDA 2013. Although the trial court opinion in the instant case lists Desean as Sullivan's first name, in his current appeal to this Court as well as the trial court's opinion in that case, his forename is Sean.

plan to attack; the plan included distracting the prison guards so that the perpetrators could invade cell 15 which housed victims Young and Gyton. Bostic was nearby watching television in a dayroom when he was attacked by the co-defendants.

Bostic died of multiple stab wounds to the neck, chest, back and right arm, one of which partially severed his aorta. Gyton and Young were seriously injured when they were stabbed in the hand, head, arm and stomach[6] by the co-defendants. The perpetrators used shanks[7] and bangers to carry out the bloody attacks.

Police officers interviewed Gyton at Hahnemann Hospital at the time he was being treated for his stab wounds. The officers memorialized Gyton's statements in a document, which was later read into the record at both the preliminary hearing and at trial. In the document, Gyton identifies the co-defendants as the individuals who stabbed the inmate-victims. N.T. Trial,

_(Footnote Continued)_ ————————————

[4] Pod 2 of Block C of the co-defendant's correctional facility contained 32 cells, divided into two tiers, organized around a common living and dining area. Each pod had a designated block worker who was permitted to work outside the common areas while the other inmates were locked in their respective cells.

[5] A banger is a form of a knife made by prison inmates.

[6] Gyton suffered a liver laceration, six puncture wounds to his small intestine and injuries to his inferior vena cava and a retroperitoneal hemotama.

[7] A shank or shiv is a slang term for a sharp or pointed implement used as an improvised knife-like weapon.

5/1/13, at 278-280. At trial, however, Gyton testified he did not know who stabbed him, he recanted statements he allegedly made during a prison assessment that indicated he needed to be separated in jail from the co-defendants because he feared they would harm him again, and he testified about a letter he sent to the co-defendants explaining that his "story" about them committing the crimes had been fabricated. *Id.* at 233; N.T. Trial, 5/2/13, at 13-15, 30; N.T. Trial, 5/3/13, at 83.

Peay, Edwards and Poole were tried together before Judge McDermott. After a seven–day trial, the jury convicted Peay of one count each of third-degree murder,[8] possession of an instrument of crime (PIC),[9] prohibited offense weapons,[10] criminal conspiracy to commit murder,[11] and two counts each of attempted murder[12] and aggravated assault.[13] The jury convicted Edwards of two counts each of attempted murder, aggravated assault, and one count each of PIC, prohibited offensive weapons, and criminal

---

[8] 18 Pa.C.S § 2502(c).

[9] 18 Pa.C.S. § 907(a).

[10] 18 Pa.C.S. § 908.

[11] 18 Pa.C.S. § 903.

[12] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 2501(a).

[13] 18 Pa.C.S. § 2702(a)(1).

conspiracy to commit murder.[14]  Poole was convicted of two counts each of attempted murder, aggravated assault, and one count each of third-degree murder, PIC, prohibited offensive weapons, and criminal conspiracy to commit murder.

On July 29, 2013, the trial court sentenced Peay to 20-40 years' imprisonment on the murder conviction, with a consecutive sentence of two concurrent terms of 20-40 years in prison for two counts of attempted murder, and concurrent sentences of 20-40 years' imprisonment for conspiracy, 1-2 years' imprisonment for weapons possession, and 1-2 years in prison for PIC.[15]  On that same date, the court sentenced Edwards to concurrent terms of 18-40 years' incarceration for the conspiracy and each attempted murder conviction and 1-2 years in prison for the weapons charge, with a consecutive term of incarceration of 1-2 years for PIC.  On August 2, 2103, the court sentenced Poole to concurrent terms of 20-40 years in prison for his third-degree murder, conspiracy and attempted murder convictions, as well as concurrent terms of 1-2 years in prison for his PIC and weapons charges.[16]

_____

[14] Edwards was acquitted of murder.

[15] Peay's sentence for attempted murder was ordered to run consecutive to the third-degree murder sentence, while his PIC sentence was ordered to run concurrently with the third-degree murder sentence.

[16] The co-defendants' aggravated assault convictions merged for sentencing purposes.
*(Footnote Continued Next Page)*

Peay and Poole filed timely post-sentence motions, which were denied by the trial court. These appeals follow.

On appeal, Peay presents the following issues for our review: (1) whether the trial court erred in failing to grant [Peay's] request for a directed verdict; and (2) whether the conviction[s were] against the weight of the evidence.[17] On appeal, Edwards and Poole present the following issues for our consideration:

(1)    [Are] the appellant[s] entitled to an arrest of judgment with respect to [their] convictions . . . since the evidence is insufficient to sustain the verdicts of guilt as the Commonwealth failed to sustain its burden of proving the appellant's guilt beyond a reasonable doubt?

(2)    [Are] the appellant[s] entitled to a new trial as a result of the trial court's ruling that allowed the Commonwealth to present testimony that Omar Fulton had been threatened?

(3)    [Are] the appellant[s] entitled to a new trial as a result of the trial court's ruling that allowed the Commonwealth to present testimony from Police Officer Brian Stark concerning the confiscation of two knives from a prison desk?

(4)    [Are] the appellant[s] entitled to a new trial as a result of the misconduct of the prosecutor committed during his summation?

*(Footnote Continued)* ————————————

[17] Although Peay's Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal does not include a sufficiency of the evidence claim, because sufficiency was raised in Peay's motion for a directed verdict and because the trial court chose to address his direct verdict challenge as one of sufficiency of the evidence, we do not find it waived on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

Poole also presents the following additional issues for our consideration: (1) Is the appellant entitled to a remand for resentencing since the sentence imposed by the trial court is unreasonable, excessive and not reflective of his character, history and condition; and (2) is the appellant entitled to a new trial since the verdicts of guilt are against the weight of the evidence.

After reviewing the parties' briefs, relevant case law and record on appeal, we affirm the co-defendants' judgments of sentence based upon the thorough and well-reasoned opinion[18] authored by Judge McDermott. We instruct the parties to attach a copy of Judge McDermott's decision in the event of further proceedings in the matters.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/21/2015</u>

---

[18] We note that the word "is" should be "its" on the eighth line of page 26 of the trial court's opinion.